

**ORIGINAL**   **SEALED BY ORDER OF THE COURT**

MATTHEW G. WHITAKER
Acting Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
ERIC J. BESTE, CBN 226089
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
Tel: 619-546-8437/6695/8817/9144
Email: michael.wheat@usdoj.gov



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 07 2019

at 2 o'clock and 50 min. P M
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUDOLPH B. PUANA (1),<br>KATHERINE P. KEALOHA (2),<br><br>Defendants. | Case No. CR19 00015 JMS<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Secs. 841(a)(1), 846 – Conspiracy to Distribute and Dispense Controlled Substances; Title 18, U.S.C., Sec. 4 – Misprision Of Felony; Title 21, U.S.C., Sec. 841(a) – Distributing and Dispensing Controlled Substances; Title 18, U.S.C., Sec. 1347 – Health Care Fraud; Title 18, U.S.C. Secs. 922(g)(3) and 924(a)(2) – Addict In Possession Of A Firearm; Title 18, U.S.C., Sec. 853 – Forfeiture. |

## INTRODUCTORY ALLEGATIONS

1.  Defendant RUDOLPH B. PUANA, of Waimea, Hawaii, was a double-board certified anesthesiologist and pain doctor licensed to practice medicine in the

State of Hawaii, and a director at large of the American Society of Interventional Pain Physicians, Hawaii Board. PUANA attended medical school at the Creighton University School of Medicine, and served on the staff of hospitals in Texas and Hawaii. PUANA was registered with the Drug Enforcement Administration as a physician authorized to write prescriptions for controlled substances. Between approximately 2010 and 2018, PUANA was an owner and operator of pain management clinics located at various times on the islands of Hawaii, Oahu, and Maui (collectively known as "the Clinic").

2. KATHERINE P. KEALOHA of Honolulu, Oahu, was PUANA's sister, and a licensed attorney in the State of Hawaii. At all times relevant, KEALOHA served as a Deputy Prosecuting Attorney for the City and County of Honolulu.

3. Co-conspirator 1 ("CC#1") of Honolulu, Oahu, met PUANA and KEALOHA when the three attended high school together. At all times relevant, CC#1 maintained a social relationship with both PUANA and KEALOHA, and a business relationship with PUANA.

4. Co-conspirator 2 ("CC#2") was at all times relevant a resident of Waimea, Hawaii, and maintained a social relationship with PUANA and CC#1.

5. Co-conspirator 3 ("CC#3") was at all times relevant a resident of Waimea, Hawaii, and maintained a social relationship with PUANA and a familial relationship with CC#2.

6. At various points in time CC#1, CC#2, CC#3, and KEALOHA were listed as patients of PUANA at the Clinic. The generally accepted standard of medical practice required PUANA to write controlled substance prescriptions for his patients only when the controlled substances were to be used for legitimate medical purposes.

7. Co-Conspirator 4 ("CC#4") was at all times relevant a resident of Honolulu, Hawaii, a social friend of CC#1, KEALOHA, and PUANA, and a distributor of a variety of controlled substances.

## COUNT 1 – CONSPIRACY TO DISTRIBUTE AND DISPENSE CONTROLLED SUBSTANCES

21 U.S.C. §§ 841(a)(1) and 846

8. The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7.

9. Beginning on a date unknown, but no later than 2012, and continuing up to 2018, in the District of Hawaii and elsewhere, Defendants RUDOLPH B. PUANA and KATHERINE P. KEALOHA, CC#1, CC#2, CC#3, and CC#4 knowingly and intentionally conspired and agreed together and with each other, and with others known and unknown, to commit the following offenses against the United States:

    a. to knowingly and intentionally distribute and dispense a mixture and substance containing a detectable amount of oxycodone, a Schedule II

controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1);

    b.    to knowingly and intentionally distribute and dispense a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1);

    c.    to knowingly and intentionally distribute and dispense a mixture and substance containing a detectable amount of alprazolam (Xanax), a Schedule IV controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1); and

10.    It was part of the conspiracy that PUANA would write prescriptions so that CC#1, CC#2, CC#3, KEALOHA, and others could obtain controlled substances, such as oxycodone, that were prescribed outside the scope of professional practice and not for a legitimate medical purpose.

11.    It was further part of the conspiracy that PUANA would cause the medically unnecessary prescriptions to be delivered to CC#1, CC#2, CC#3,

KEALOHA, and others, at the Clinic and at other locations on the islands of Hawaii and Oahu.

12. It was further part of the conspiracy that PUANA would instruct co-conspirators on how to fill the unnecessary prescriptions so as not to arouse suspicion.

13. It was further part of the conspiracy that PUANA would advise CC#1 to sell some of the controlled substances that PUANA had improperly dispensed, and to use the proceeds to pay for personal expenses and to purchase cocaine for CC#1 and PUANA.

14. It was part of the conspiracy that PUANA would advise CC#2 and CC#3 to sell some of the controlled substances that PUANA had improperly dispensed, and to use the proceeds to pay for personal expenses.

15. It was further part of the conspiracy that PUANA would travel from Hawaii to Oahu with controlled substances that he had improperly taken from the Clinic, including oxycodone, fentanyl, and alprazolam (Xanax), and distribute these controlled substances to CC#1, CC#4, and others.

16. It was further part of the conspiracy that PUANA and CC#1 would attempt to sell and barter the oxycodone, fentanyl, and alprazolam, in exchange for cocaine.

17. It was further part of the conspiracy that KEALOHA would distribute to Individual A in Hawaii, and to Individual B in New York, controlled substances improperly dispensed to her by PUANA.

18. It was further part of the conspiracy that when the distribution by PUANA and CC#1 was discovered by a police officer, KEALOHA would attempt to control the ensuing investigation to ensure that PUANA and CC#1 were not prosecuted and PUANA could continue prescribing controlled substances.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT 2 – MISPRISION OF FELONY

## 18 U.S.C. § 4

19. The Grand Jury realleges and incorporates by reference Introductory Allegations 1, 2, 3, and 7.

20. In or about July 2015, a Honolulu Police Department ("HPD") detective assigned to the Criminal Intelligence Unit notified Defendant KATHERINE P. KEALOHA that her brother RUDOLPH B. PUANA and CC#1 were purchasing and using cocaine provided by CC#4 and Individual C. Soon thereafter, KEALOHA arranged to have herself assigned as the prosecutor leading an HPD investigation of drug distribution by CC#4 and Individual C.

21. Beginning in or about July 2015, and continuing through the date of this Indictment, in the District of Hawaii, Defendant KATHERINE P. KEALOHA,

having knowledge of the actual commission of a felony cognizable by a court of the United States – to wit, the distribution of controlled substances by RUDOLPH B. PUANA, a felony prosecutable under Title 21, United States Code, Section 841(a)(1) – did conceal the same, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

22. Defendant KATHERINE P. KEALOHA undertook the following affirmative acts, and others, to conceal the felony committed by PUANA:

    a. permitting herself to be assigned as the prosecutor to investigate CC#4 and Individual C's drug distribution, thereby enabling her to steer law enforcement scrutiny away from her brother's felonious conduct in that drug conspiracy;

    b. drafting and approving an affidavit in support of a search warrant for CC#4's residence that failed to accurately describe PUANA and CC#1's involvement in the drug conspiracy involving CC#4;

    c. concealing from HPD detectives working on the case that her brother was involved in the conspiracy to distribute narcotics with CC#4;

    d. preventing HPD detectives from questioning CC#4 and Individual C about the source of controlled substances seized from CC#4's

residence, including the 114 fentanyl transdermal patches provided by PUANA;

  e. giving favorable plea offers to CC#4 and Individual C to reduce the likelihood they would reveal that her brother had distributed controlled substances;

  f. cultivating a close personal relationship with CC#4 (by, among other things, communicating with CC#4 using an encrypted messaging application), to reduce the likelihood that CC#4 would reveal KEALOHA's brother's role in the drug distribution conspiracy; and

  g. concealing from fellow deputy prosecuting attorneys with the Department of the Prosecuting Attorney for the City and County of Honolulu that PUANA, her brother, was CC#4's source of supply for the prescription drugs CC#4 was distributing.

All in violation of Title 18, United States Code, Section 4.

## COUNTS 3-38 – DISTRIBUTING AND DISPENSING OXYCODONE

21 U.S.C. § 841(a)(1)

23. The Grand Jury realleges and incorporates by reference Introductory Allegations 1, and 3 through 6.

24. On or about the dates set forth below, in the District of Hawaii, Defendant RUDOLPH B. PUANA, knowingly and intentionally distributed and

dispensed a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the scope of professional practice and not for a legitimate medical purpose:

| Count | Date | Substance | Quantity | Recipient |
|---|---|---|---|---|
| 3 | 5/22/2015 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 4 | 6/22/2015 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 5 | 7/22/2015 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 6 | 8/22/2015 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 7 | 9/18/2015 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 8 | 10/19/2015 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 9 | 11/18/2015 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 10 | 12/21/2015 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 11 | 1/22/2016 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 12 | 3/1/2016 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 13 | 3/24/2016 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 14 | 4/25/2016 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 15 | 5/26/2016 | OXYCODONE HCL 30 MG | 150 | CC#1 |
| 16 | 8/8/2016 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 17 | 9/23/2016 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 18 | 10/21/2016 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 19 | 11/28/2016 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 20 | 1/9/2017 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 21 | 3/6/2017 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 22 | 5/8/2017 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 23 | 8/29/2017 | OXYCODONE HCL 30 MG | 120 | CC#1 |
| 24 | 10/31/2017 | OXYCODONE HCL 30 MG | 100 | CC#1 |
| 25 | 4/7/2014 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 26 | 5/1/2014 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 27 | 9/2/2014 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 28 | 10/3/2014 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 29 | 11/3/2014 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 30 | 12/2/2014 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 31 | 2/3/2015 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 32 | 3/2/2015 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 33 | 4/7/2015 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |

| Count | Date | Substance | Quantity | Recipient |
|---|---|---|---|---|
| 34 | 5/4/2015 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 35 | 6/9/2015 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 36 | 7/6/2015 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 37 | 8/4/2015 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |
| 38 | 9/3/2015 | OXYCODONE HCL 30 MG | 150 | CC#2, CC#3 |

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 39 – DISTRIBUTING AND DISPENSING OF FENTANYL

21 U.S.C. § 841(a)(1)

25.  The grand jury realleges and incorporates by reference Introductory Allegations 1, 3 and 7.

26.  On or about August 5, 2015, in the District of Hawaii, Defendant RUDOLPH B. PUANA. M.D., knowingly and intentionally distributed and dispensed a mixture and substance – to wit, approximately 114 transdermal patches – containing a detectable amount of fentanyl, a Schedule II controlled substance, outside the scope of professional practice and not for a legitimate medical purpose.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 40-53 – HEALTH CARE FRAUD

18 U.S.C. §§ 1347 and 2

27.  The Grand Jury realleges and incorporates by reference Introductory Allegations 1, 4, 5, and 6.

28. Medicaid, a health care benefit program under Title 18, United States Code, Section 24(b), is a joint Federal-State program that pays for medical assistance for individuals and families with low incomes and relatively few assets. The State of Hawaii participates in the Medicaid program, and the United States provides funds to Hawaii through the Medicaid program.

29. At all times relevant, Hawaii's Medicaid program provided an outpatient prescription drug benefit, such that eligible beneficiaries could obtain drugs that were prescribed for a legitimate medical purpose at little or no cost. Pharmacies that provided prescribed drugs to Medicaid beneficiaries would then be reimbursed by Hawaii's Medicaid program.

30. At all times relevant, Defendant RUDOLPH B. PUANA, was enrolled as a participating provider in the Hawaii Medicaid program, and was obligated to only prescribe drugs within the course of his professional medical practice and for a legitimate medical purpose.

31. Beginning in or about 2014, and continuing through in or about September 2015, Defendant RUDOLPH B. PUANA, CC#2, and CC#3 knowingly and willfully devised with the intent to defraud a material scheme to defraud Hawaii's Medicaid program, and to obtain money and property owned by and under the custody and control of Hawaii's Medicaid program by means of materially false and fraudulent pretenses, representations and promises.

32. It was part of the scheme that PUANA would give CC#2 and CC#3 prescriptions for the controlled substance oxycodone, knowing that CC#2 and CC#3 would not use the drug for a legitimate medical purpose.

33. It was further part of the scheme that CC#3 would fill the oxycodone prescriptions at pharmacies on the island of Hawaii using Medicaid benefits, causing false and fraudulent claims for reimbursement to be submitted to Medicaid.

34. It was further part of the scheme that CC#2 would sell the controlled substances fraudulently prescribed by PUANA, and use the proceeds to pay for CC#2 and CC#3's personal expenses.

35. On or about the dates set forth below, in the District of Hawaii, Defendant RUDOLPH B. PUANA, knowingly and willfully executed the above-described scheme, in connection with the delivery of and payment for health care benefits and items:

| Count | Date | Act in execution |
|---|---|---|
| 40 | 4/7/2014 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 41 | 5/1/2014 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 42 | 9/2/2014 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 43 | 10/3/2014 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 44 | 11/3/2014 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 45 | 12/2/2014 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 46 | 2/3/2015 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 47 | 3/2/2015 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 48 | 4/7/2015 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 49 | 5/4/2015 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 50 | 6/9/2015 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |

| Count | Date | Act in execution |
|---|---|---|
| 51 | 7/6/2015 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 52 | 8/4/2015 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |
| 53 | 9/3/2015 | Obtaining 150 tablets of OXYCODONE HCL 30 MG |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 54 – ADDICT IN POSSESSION OF A FIREARM

18 U.S.C. §§ 922(g)(3) and 924(a)(2)

36. Beginning in or about 2014, and continuing through in or about October 2018, in the District of Hawaii, Defendant RUDOLPH B. PUANA, then being an unlawful user of a controlled substances, and being addicted to controlled substances as defined in Title 21, United States Code, Section 802, did knowingly possess in and affecting interstate commerce, a firearm and ammunition, that is, a GLOCK 45ACP, Model 21 semi-automatic handgun, serial number KEW 194; Thompson Center Arms, 7mm Venture, long rifle, serial number TDY 3822; a Taurus International, Tracker, 357MAG revolver, serial number GX853990; a Savage .338 caliber LAPUA, long rifle, serial number J155519; an American Classic II, .45 caliber semi-automatic handgun, serial number A04117; a Bushmaster XM15-E-25, .223 caliber long rifle, serial number L452207; and a Remington, 870 Express, 20GA shotgun, serial number RS20652B; in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

//

## FORFEITURE ALLEGATIONS

37. The allegations contained in Counts 1 and 3 through 39 are realleged and by their reference fully incorporated herein for purposes of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

38. As a result of the commission of the felony offenses alleged in Counts 1 and 3 through 39, said violations being punishable by imprisonment for more than one year, upon conviction of one or more of the offenses, Defendants RUDOLPH B. PUANA and KATHERINE P. KEALOHA shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

39. The allegations contained in Counts 40 through 53 are realleged and by their reference fully incorporated herein for purposes of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

40. Upon conviction of one or more of the offenses alleged in Counts 40 through 53, Defendant RUDOLPH B. PUANA shall, pursuant to Title 18, United

States Code, Section 982(a)(7), forfeit to the United States all right, title and interest in any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses.

41. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

//
//
//
//
//
//

All pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Sections 982(a)(7) and 982(b).

Dated: February 7, 2019, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
_____
FOREPERSON, GRAND JURY

MATTHEW G. WHITAKER
Acting Attorney General

ROBERT S. BREWER, JR.
United States Attorney

*/s/ Michael G. Wheat*
_____
MICHAEL G. WHEAT, CBN 118598
ERIC J. BESTE, CBN 226089
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys of the United States