MATTHEW G. WHITAKER
Acting Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
ERIC J. BESTE, CBN 226089
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: 619-546-8437/6695/8817/9144
Email: michael.wheat@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KATHERINE P. KEALOHA (2),<br><br>　　　　　　　　Defendant. | CR. NO. 19-00015-JMS-RLP<br><br>MOTION TO SET ENHANCED CONDITIONS OF RELEASE |

   The United States of America, by and through its counsel, hereby moves for an order setting heightened conditions of release for Defendant KATHERINE P. KEALOHA ("KEALOHA"). The charges in this case create a statutory presumption of detention. However, under the totality of the circumstances, including the pending trial date in Case No. 17-CR-00582-JMS-RLP, the United States is refraining from moving for detention at this time. The facts otherwise demand heightened conditions

of release, including drug testing, increased financial requirements, and an updated no-contact list.

I.

BACKGROUND

A. THE INDICTMENT

1. KEALOHA is a former supervisory Deputy Prosecuting Attorney for the Department of the Prosecuting Attorney's Office in Honolulu. She is currently facing obstruction, bank fraud, aggravated identity theft, and other charges in 17-CR-00582-JMS-RLP and 18-CR-0068-JMS-RLP. Therein, her conditions of release included an unsecured bond in the amount of $100,000. *See* 17-CR-00582-JMS-RLP, ECF No. 48.

The instant Indictment charges KEALOHA with (1) Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) Misprision of a Felony, in violation of 18 U.S.C. § 4. The source of drugs for the conspiracy was KEALOHA's brother, co-defendant RUDOLPH B. PUANA ("PUANA"). As outlined in the Indictment, it was "part of the conspiracy that PUANA would write prescriptions so that . . . . KEALOHA, and others could obtain controlled substances, such as oxycodone, that were prescribed outside the scope of professional practice and not for a legitimate medical purpose." Indictment ¶ 10. The Indictment further alleges:

- that it was "part of the conspiracy that KEALOHA would distribute to Individual A in Hawaii, and to Individual B in New York, controlled substances improperly dispensed to her by PUANA." Indictment ¶ 17.

- that it was "part of the conspiracy that when the distribution by PUANA and CC#1 was discovered by a police officer, KEALOHA would attempt to control the ensuing investigation to ensure that PUANA and CC#1 were not prosecuted and PUANA could continue prescribing controlled substances." Indictment ¶ 18.

As part of this investigation, multiple witnesses have identified KEALOHA as a user of controlled substances.

   2. The misprision charge focuses on KEALOHA's efforts as a Deputy Prosecuting Attorney to prevent her brother from being prosecuted for his drug crimes. In short, KEALOHA made herself the *prosecutor* of the case involving her brother and other co-conspirators. Ultimately, only two people were prosecuted in relation to the drug conspiracy, identified in the Indictment as Co-conspirator #4 ("CC#4) and Individual C. KEALOHA's brother—even though he was a source of supply—was never prosecuted or even investigated by KEALOHA's office. As alleged in the Indictment, KEALOHA took various affirmative acts to conceal the drug crimes committed by PUANA. *See* Indictment ¶ 22.

  One such act was "cultivating a close personal relationship with CC#4 (by, among other things, communicating with CC#4 using an encrypted messaging application), to reduce the likelihood that CC#4 would reveal KEALOHA's brother's role in the drug distribution conspiracy." Indictment ¶ 22(f). In other

words, and to be clear, the *prosecutor* of a criminal case carried on secret communications with the *defendant* she was prosecuting in court.

Indeed, the United States has obtained over 500 pages of messages exchanged between KEALOHA and CC#4 throughout 2016.[1] As an example, here are two messages from KEALOHA to CC#4 on July 26, 2016:

- "You are such a good person, now we need to vindicate you on many levels, while we have them be accountable!!!"
- "Just remember that I always got ur back, I love you and will protect you always!!!"

On this same day, CC#4 texted Kealoha about CC#4's own change-of-plea date (in the case KEALOHA was prosecuting): "Ok he [referring to CC#4's attorney, Myles Breiner] called you for my cop date." KEALOHA responded, "Omg, ruler of the world #ROW." After agreeing on the plan for the change of plea, the following exchange occurred:

| | |
|---|---|
| CC#4: | Go TEAM! |
| Kealoha: | GO TEAM!!! Can't wait for this shit to be over. |
| CC#4: | Ditto[.] Then we're free[.] |

//
//
//

---

[1] KEALOHA's role as prosecutor in CC#4's case extended at least through September 2, 2016; on that day, Kealoha (as the prosecutor of the case) and defense counsel, Myles Breiner, appeared at a status hearing for an "off the record" discussion "regarding [the] status of [CC#4's] case." *See* Case No. 17CR00582-JMS-RLP, ECF No. 74-10 (9/2/2016 docket entry).

### B. DISCOVERY OF THE DRUG CONSPIRACY

The United States discovered the charged drug conspiracy, in part, because KEALOHA merged her "investigation" involving CC#4 with another fabricated investigation—this one involving an electrician whose speeding ticket KEALOHA fixed by lying in state court.[2] When the FBI began investigating this incident, KEALOHA immediately took steps towards legitimizing her deceitful behavior. That included surreptitiously sending e-mails from other Deputy Prosecuting Attorneys' computers (when they had stepped outside their offices) in an attempt to misdirect the investigation, fabricating a "cooperation agreement" with the electrician (two years after the fact), and opening a state "investigation" into alleged "police corruption" (falsely alleging, among other things, a "ghost-ticket" scheme involving officers who had ticketed the electrician).

### C. POTENTIAL POST-INDICTMENT WITNESS TAMPERING

The grand jury for the District of Hawaii first returned an Indictment against KEALOHA on October 19, 2017. *See* Case No. 17-CR-00582-JMS-RLP. The Indictment alleged that Kealoha used an alias, Alison Lee Wong, on several occasions to help her perpetrate fraud. Thereafter, KEALOHA mailed a letter to an

---

[2] At that time, KEALOHA was attempting to enter a business relationship with the electrician as part of a massive solar farm project.
   This is not the only time KEALOHA has dismissed, or caused the dismissal, of a ticket for a friend or acquaintance. She did the same for a DUI charged against Co-conspirator #1 in 2015.

individual the United States had previously interviewed about "Wong." KEALOHA's letter begins, "I'm asking for 10 minutes of your time." It then proceeds to seek to convince the recipient that the charges against KEALOHA were "WRONG!" As to "Wong," the typed letter states, "They claim that Alison Lee-Wong is not a real person. At least a hundred people from my Arbonne group met her and even more people worked with her on the HI Law Enforcement Memorial Foundation Gala in Dec. of 2010." Then, handwritten into the margin of the page, KEALOHA wrote, "I know you met her!"[3]

> 4- They claim that Alison Lee-Wong is not a real person. At least a hundred different people from my Arbonne group met her and even more people worked with her on the HI Law Enforcement Memorial Foundation Gala in Dec of 2010. I know you met her!

The witness has confirmed she has no memory of meeting Alison Lee Wong.

    D.    CONSPIRING WITH VARIOUS WITNESSES TO OBSTRUCT THE FEDERAL GRAND JURY

Since KEALOHA's last bond determination, the United States has uncovered additional instances of obstructive conduct on her part. Indeed, multiple witnesses have pleaded guilty to conspiring with KEALOHA to provide false testimony to the federal grand jury. *See United States v. Ebersole*, 18-CR-0094-JMS; *United States v. Taito*, 18-CR-0001-JMS. For example, Ebersole admitted, among other things,

---

[3] The United States is also aware that this same letter, though omitting the handwritten note about Alison Lee Wong, was sent to another prospective Government witness.

that KEALOHA told him to deceive the federal grand jury about the true nature of their intimate relationship. *See* 18-CR-0094-JMS, ECF No. 12 at 7; and Taito stated, among other things, that KEALOHA advised him "not to tell the truth to the grand jury." *See* 18-CR-0001-JMS, ECF No. 12 at 15.

II.

RELEVANT LEGAL PRINCIPLES

The Bail Reform Act provides for a rebuttable presumption of pretrial detention for defendants accused of committing certain offenses. 18 U.S.C. § 3142(e). That presumption applies in this case because KEALOHA has been indicted for violations of the Controlled Substances Act with a maximum sentence of greater than ten years. *See* 18 U.S.C. § 3142(e)(3)(A); 21 U.S.C. § 841(b)(1)(C).

To determine whether conditions of release could reasonably assure a defendant's appearance in court and the safety of the community, the Court considers four factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger the defendant would present to the community if released. *Id.* § 3142(g). The weight to be accorded to each factor rests in the Court's discretion, though the Ninth Circuit has directed that the weight of the evidence is the least important factor. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

III.

THE COURT SHOULD IMPOSE INCREASED BOND CONDITIONS

The factors governing pre-trial release strongly favor increased bond conditions. The alleged offenses concern numerous transactions involving significant amounts of controlled substances. Moreover, KEALOHA used her position of trust and authority as a prosecutor to conceal the illegal introduction of opioids—a "developing crisis in Hawaii"[4]—into the community. Additionally, in support of the request for a drug testing condition, multiple witnesses have identified KEALOHA as a user of drugs.

The weight of the evidence against KEALOHA—complete with taking significant prosecutorial steps to shield her family, friends, and business associates; witness testimony from various individuals; text messages from KEALOHA; and more—is substantial. The United States expects KEALOHA to claim her actions were within the scope of her prosecutorial discretion. But the failure to reveal even the most basic of conflicts—standing alone—belies any such claim.

As for KEALOHA's history and characteristics, on the one hand, KEALOHA is understood to be a longtime resident of Hawaii, with strong ties to the area. She is also a longtime member of the bar. But on the other hand, as spelled out here and

---

[4]  *See Examining the Growing Opioid Overuse Trend in Hawaii*, Hawaii Pacific Health (Aug. 14, 2018), https://www.hawaiipacifichealth.org/healthier-hawaii/news/examining-the-growing-opioid-overuse-trend-in-hawaii/

elsewhere (*see e.g.*, Case No. 17-CR-582-JMS-RLP, ECF No. 389), KEALOHA has repeatedly abused her position of power to benefit her friends and vanquish her foes. Additionally, as charged in this Indictment, KEALOHA used her employment and law license as a means to conceal her and her brother's criminal activity. In doing so, she seriously imperiled the community she was sworn to protect.

Finally, the nature and seriousness of the danger KEALOHA would present to the public is not negligible. She has made all of the required appearances in the current cases pending against her.[5] She has no known history of violent behavior. That weighs in her favor. However, these data points do not tell the complete story. Her lengthy history of obstructing justice and seeking to manipulate judicial proceedings—going even so far as to invent a state investigation to aid those efforts—presents a significant danger to the integrity of the judicial system.

Under the totality of the circumstances, the United States submits that heightened conditions of release are appropriate. Specifically,

1. The Court should require drug testing as a condition of release.
2. The Court should require heightened financial requirements as a condition of release. Specifically, the $100,00 bond requirement—presently unsecured—should be secured by either a corporate surety bond or the signatures of two financially responsible adults, with a 10 percent cash deposit to the Court.

---

[5] She has not been required to appear at many hearings; her presence has been waived for most.

3. The Court should update the "no-contact" list previously entered in KEALOHA's prior matters. This list should include the individual KEALOHA reached out to regarding Alison Lee Wong, and others related to this instant Indictment. The United States can provide an updated list to Pretrial Services within the week.

Dated: February 13, 2019                    Respectfully submitted,

MATTHEW G. WHITAKER
Acting Attorney General

ROBERT S. BREWER, JR.
United States Attorney

*/s/ Colin M. McDonald*
MICHAEL G. WHEAT
ERIC J. BESTE
JANAKI S. GANDHI
COLIN M. MCDONALD
Special Attorneys to the Attorney General

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE P. KEALOHA (2),<br><br>Defendant. | CR. NO. 19-00015-JMS-RLP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Colin M. McDonald, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them. Upon filing, I will further serve the above document on Defendant's appointed counsel, Cynthia Kagiwada, at c_kagiwada@hotmail.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2019.

*/s/ Colin M. McDonald*
COLIN M. MCDONALD