WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States of America

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 2 2019

at _4_ o'clock and _00_ min_P_ _M
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE P. KEALOHA (1),<br><br>Defendant. | CR No. 19-00015 JMS-WRP<br><br><br>P L E A   A G R E E M E N T |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by its attorney, Attorney General William P. Barr, United States

Attorney Robert S. Brewer, Jr., and the Special Attorneys named herein, and the

ORIGINAL

Defendant, KATHERINE P. KEALOHA ("Defendant"), and her attorney, Gary G. Singh, have agreed upon the following:

## THE PLEA

1.      The parties have negotiated a resolution in this case and CR No. 18-00068 JMS-WRP.[1] This Agreement is contingent on Defendant entering a Plea Agreement in CR No. 18-00068 JMS-WRP at the same time this Agreement is entered. If Defendant fails to perform or breaches any part of this Agreement or the Plea Agreement in CR No. 18-00068 JMS-WRP, the United States shall be relieved from and not bound by any terms in either this Agreement or the Plea Agreement in CR No. 18-00068 JMS-WRP.

2.      Defendant agrees to plead guilty to Count Two of the Indictment in this case, charging Defendant with Misprision of Felony, in violation of 18 U.S.C. § 4. In addition, Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which Defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. The Defendant further waives Defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims

---

[1]      In CR No. 17-00582-JMS-WRP, Defendant K. Kealoha is represented by a different attorney, Earle Partington, and a separate sentencing agreement will be entered into in that case.

defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of property(ies) seized in connection with this case.

3.      In exchange for entering a plea pursuant to this Agreement, the United States agrees to (1) move to dismiss the remaining charges against Defendant in this case without prejudice at the time of sentencing, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches this Agreement or the Plea Agreement in CR No. 18-00068 JMS-WRP, or the guilty plea entered pursuant to this Agreement is set aside for any reason.

4.      Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

5.      Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

<u>NATURE OF THE OFFENSE AND FACTUAL BASIS</u>

6.      Defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney. Defendant

3

understands that the offense to which Defendant is pleading guilty has the following elements:

    a.    A federal felony was committed, as charged in Count One of the Indictment;

    b.    Defendant had knowledge of the commission of that felony;

    c.    Defendant had knowledge that the conduct was a federal felony;

    d.    Defendant failed to notify a federal authority as soon as possible; and,

    e.    Defendant did an affirmative act, as alleged, to conceal the crime.

7.    Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

    a.    At all relevant times, Defendant was an attorney licensed to practice in the State of Hawaii. Between 1993 and 2001, Defendant worked in the Department of the Prosecuting Attorney ("DPA") for the City and County of Honolulu, first as an intern, and later as a Deputy Prosecuting Attorney. From 2001 to 2006, Defendant was a solo practitioner in Honolulu. In 2006, Defendant returned to the DPA as a Deputy Prosecuting Attorney. In 2008, Defendant was appointed as the Director of the Office of Environmental and Quality Control for the State of Hawaii. In 2010, Defendant returned to the DPA as a Deputy Prosecuting Attorney, and ultimately became a supervisor in the DPA.

    b.    At all relevant times, co-defendant Rudolph B. Puana ("Puana"), was Defendant's brother and a double board-certified anesthesiologist and pain doctor licensed to practice medicine in the State of Hawaii, where he owned and operated pain care

4

clinics ("Clinic"). Defendant was aware of Puana's profession and business, and was a patient at the Clinic.

c.   Beginning in or about July 2015, and continuing to February 7, 2019, Puana was involved in a conspiracy with Defendant, Co-Conspirator #1 ("CC#1"), Co-Conspirator #2 ("CC#2"), Co-Conspirator #3 ("CC#3"), and Co-Conspirator #4 ("CC#4"), to dispense and distribute medically unnecessary prescriptions of federally controlled substances, such as oxycodone, fentanyl, and Xanax, to Defendant, CC#1, CC#2, CC#3, and others, for the purpose of re-distribution.

d.   As part of the conspiracy, Puana would write prescriptions outside the scope of professional practice, and not for a legitimate medical purpose, for Defendant, CC#1, CC#2, CC#3, and others so that they could obtain controlled substances, such as oxycodone, for re-distribution.

e.   As part of the conspiracy, Defendant and others, such as CC#1, CC#2, and CC#3, would receive the medically unnecessary prescriptions at the Clinic or other locations on the islands of Hawaii and Oahu, and receive instructions from Puana as to how to fill those prescriptions without raising suspicion.

f.   As part of the conspiracy, Defendant would distribute to Individual A and CC#1 the controlled substances improperly dispensed to Defendant by Puana.

g.   As part of the conspiracy, Puana and CC#1 would attempt to sell and barter the oxycodone, fentanyl, and other federally controlled substances in exchange for cocaine for personal use by Puana, CC#1, Defendant, and others.

h.   As part of the conspiracy, when Puana and CC#1's distribution was discovered by a Honolulu Police Department ("HPD") detective, Defendant assumed control of the investigation of the illicit narcotics distribution conspiracy that included herself, Puana, and others, to ensure they were not prosecuted.

i.   Specifically as to Count Two of the Indictment, beginning in or about July 2015, and continuing to February 7, 2019, Defendant knew Puana had committed a federal felony offense, to wit, violations of Title 21, United States Code, Section 841(a)(1), as charged in Count One of the Indictment, and knowingly concealed Puana's ongoing felony offense from a federal authority, by taking the following steps.

(1)   In or about July 2015, an HPD detective assigned to the Criminal Intelligence Unit notified Defendant that Puana and another individual, identified as CC#1 in the Indictment, were purchasing and using cocaine provided by CC#4 and Individual C, as charged in the Indictment;

(2)   In furtherance of the concealment of Puana's commission of a felony offense – that is, the distribution of federally controlled substances – Defendant arranged to have herself assigned as the prosecutor leading an HPD investigation of drug distribution by CC#4 and Individual C;

(3)   Defendant drafted and approved an affidavit in support of a search warrant for CC#4's residence that failed to truthfully and accurately describe Puana and CC#1's involvement in the drug conspiracy involving CC#4;

(4)   Defendant concealed from HPD detectives working on the drug conspiracy that Puana was involved in the drug conspiracy;

(5)   Defendant prevented HPD detectives from questioning CC#4 and Individual C about the source of controlled substances seized from CC#4's residence, including 114 fentanyl transdermal patches, knowing that Puana was the source of the controlled substances, including the fentanyl patches;

(6)   Defendant, as the prosecutor for the drug conspiracy, offered a favorable plea deal to CC#4 and Individual C to

6

reduce the likelihood they would reveal that Puana was the source of controlled substances seized and had participated in the distribution of federally controlled substances;

(7)   Defendant, while purporting to prosecute CC#4 for her drug crimes, cultivated a close personal relationship with CC#4 – by, among other things, communicating with CC#4 using an encrypted messaging app – to reduce the likelihood that CC#4 would reveal Puana's role in the drug conspiracy;

(8)   Defendant concealed from fellow deputy prosecuting attorneys at the DPA that Puana was CC#4's source of supply for the prescription drugs CC#4 was distributing, including fentanyl patches.

8.   The facts above are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

<u>MAXIMUM PENALTIES</u>

9.   Defendant understands that the penalties for the offense to which she is pleading guilty include:

a.   up to three years imprisonment;

b.   a fine of up to $250,000;

c.   a $100.00 special assessment per count;

d.   a term of supervised release of up to one year; and

e. forfeiture to the United States of all property constituting or derived from proceeds defendant obtained directly or indirectly as a result of the violation.

Defendant agrees to pay $100.00 for the count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

## WAIVER OF TRIAL RIGHTS AND
## UNDERSTANDING OF CONSEQUENCES

10. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

8

c.   If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.   At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on her own behalf. If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e.   At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

11.   Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

**DEFENDANT'S REPRESENTATION THAT**
**GUILTY PLEA IS KNOWING AND VOLUNTARY**

12.   Defendant represents that:

a.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation

9

of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

b.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

c.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

d.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## APPLICABILITY OF SENTENCING GUIDELINES

13.   Defendant understands that the District Court in imposing a sentence will consider the provisions of the United States Sentencing Guidelines. Defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction.

14.   This Plea Agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at

this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant cannot withdraw the plea.

15.     Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16.     Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

Group 1: Conspiracy/Obstruction in CR No. 17-00582 JMS-WRP
| | | |
|---|---|---|
| a. | Base Offense Level [§ 2X1.1/2H1.1/2J1.2] | 19 |
| b. | SOC – Color of Law [§ 2H1.1(b)(1)(B)] | +6* |
| c. | Vulnerable Victim [§ 3A1.1(b)(1)] | +2* |
| d. | Aggravating Role [§ 3B1.1] | +4* |
| e. | Abuse of Position/Trust [USSG § 3B1.3] | +2*[2] |

----

[2]     The United States agrees that if the six-level enhancement under USSG

11

    f.  Obstruction of Justice [§ 3C1.1]                         +2*
          Total Offense Level for Group 1:              19/33*

*The United States will recommend upward adjustments under USSG §§ 2H1.1(b)(1)(B), 3A1.1(b)(1), 3B1.1, USSG § 3B1.3, and 3C1.1 based on the facts of this case.   Defendant is free to oppose only these upward adjustments.

Group 2: Bank Fraud in CR No. 18-00068 JMS-WRP
a.  Base Offense Level [§ 2B1.1]                       7
b.  SOC – Loss Greater Than $150,000 [§ 2B1.1(b)(1)(F)]    +10
c.  SOC – Subst. Financial Hardship to ≥ 1 Victim [§ 2B1.1(b)(2)(A)]  +2
d.  SOC – >$1M From Financial Institution [USSG § 2B1.1(b)(17]  +2
e.  Abuse of Position/Trust [USSG § 3B1.3]              +2
f.  Obstruction of Justice [§ 3C1.1]                 +2**
        Total Offense Level for Group 2:           23/25**

**The United States will recommend an upward adjustment under USSG § 3C1.1 based on the facts of this case.   Defendant is free to oppose only this upward adjustment.

Group 3: Misprision of Felony in CR No. 19-00015 JMS-WRP
a.  Base Offense Level [§ 2X4.1]                    19
b.  Abuse of Position/Trust [ § 3B1.3]              +2
        Total Offense Level for Group 3:          21

Based on the above calculations, the resulting combined offense levels are as follows:

United States' Combined Offense Levels: Grouping under § 3D1.1 – § 3D1.5
a.  Highest Base Offense Level [§ 3D1.1]            33
b.  Increase for Multiple Offenses (1½ units) [§ 3D1.4]    +1
c.  Acceptance of Responsibility                  - 2
        Total Grouped Offense Level:           32

---

§ 2H1.1(b)(1)(B) is applied, it will not recommend an additional enhancement under USSG § 3B1.3.

<u>Defendant's Combined Offense Levels</u>: Grouping under § 3D1.1- § 3D1.5

a. Highest Base Offense Level [§ 3D1.1]                                  23
b. Increase for Multiple Offenses (3 units) [§ 3D1.4]          +3
c. Acceptance of Responsibility                                            - 2
      Total Grouped Offense Level:                                24

As part of this Agreement, the United States agrees to not seek a departure for disruption of government function under USSG § 5K2.7.

17.    Despite paragraph 16 above, the United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

a.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

b.    Falsely denies prior criminal conduct or convictions;

c.    Is untruthful with the United States, the Court or probation officer;

d.    Breaches this Plea Agreement or the Plea Agreement in CR No. 19-00015-JMS-WRP in any way; or

e.    Transfers or conceals property (or properties) that would otherwise be available for payment of restitution.

f.    Contests any forfeiture or restitution ordered in this case.

18.    The parties agree that the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

//

## RECOMMENDATIONS REGARDING CUSTODY

19.     The United States will recommend that Defendant be sentenced within the advisory Guideline range as calculated by the United States at the time of sentencing. The United States further agrees to recommend that the sentence imposed in this case run concurrent to Defendant's sentences in CR No. 17-00582 JMS-WRP and CR No. 18-00068 JMS-WRP. The only exception is that for Defendant's conviction of 18 U.S.C. § 1028A, Defendant will be sentenced to a mandatory term of two-years in prison to run consecutive to the sentences for the other offenses in CR Nos. 17-00582 JMS-WRP, 18-00068 JMS-WRP, and 19-00015 JMS-WRP.

20.     Defendant may not recommend additional downward adjustments or departures. Defendant may request a sentencing reduction under 18 U.S.C. § 3553.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

21.     In exchange for the United States' concessions in this plea agreement, Defendant knowingly waives (gives up), to the full extent of the law, all rights to appeal and collaterally attack every aspect of her conviction and any sentence within the maximum provided in the statutes of conviction, including any restitution and forfeiture orders, in this matter and in CR No. 18-00068 JMS-WRP. The only exception is that Defendant may collaterally attack her conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If at any time Defendant files a notice of appeal, appeals or collaterally attacks the conviction or

sentence in violation of this Plea Agreement, said violation shall be a material breach of this Agreement as further defined below.

22.     The United States retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## BREACH OF THE PLEA AGREEMENT

23.     Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the United States has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

24.     Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

     a.    Failing to plead guilty pursuant to this Agreement;

     b.    Failing to abide by this Agreement or the Plea Agreement in CR No. 18-00068-JMS-WRP;

     c.    Failing to fully accept responsibility as established in this Agreement or the Plea Agreement in CR No. 18-00068-JMS-WRP;

15

d.   Failing to appear in court;

e.   Attempting to withdraw the plea;

f.   Failing to abide by any court order related to this case;

g.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of the terms in this Plea Agreement or the Plea Agreement in CR No. 18-00068-JMS-WRP; or

h.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

26.   If Defendant breaches this Plea Agreement or the Plea Agreement in CR No. 18-00068 JMS-WRP, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this Plea Agreement and the Plea Agreement in CR No. 18-00068 JMS-WRP. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

27.     Additionally, if Defendant breaches this Plea Agreement or the Plea Agreement in CR No. 18-00068-JMS-WRP: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Paragraph 7 of this Agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge that is the subject of this plea agreement or any charge(s) that the United States agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the United States, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

28.     In the event that the Defendant does not breach any of the terms of this Agreement or the Plea Agreement in CR No. 18-00068-JMS-WRP, but the Court nonetheless refuses to accept this Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not

17

bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross examination or rebuttal.

## OTHER PROVISIONS

29.     Defendant agrees that she will fully cooperate with the United States in the investigation and prosecution of others, *see attached* ADDENDUM.

30.     Pursuant to Guideline Section 5Kl.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

  a.    The decision as to whether to make such a request or motion is entirely up to the prosecution.

  b.    This agreement does not require the prosecution to make such a request or motion.

  c.    This agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

  d.    Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines.

31.     Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18

32.     Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

33.     This Plea Agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this Plea Agreement shall be effective unless in writing signed by all parties.

34.     By signing this agreement, Defendant certifies that Defendant has read it. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

//

35.    Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

DATED: Honolulu, Hawaii, _____*21 OCTOBER 2019*_____.

AGREED:

WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney

_____
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI S. GANDHI
COLIN M. MCDONALD
Special Attorneys to the Attorney General

_____
KATHERINE P. KEALOHA
Defendant

_____
GARY G. SINGH, Esquire
Attorney for Defendant K. KEALOHA

## ADDENDUM TO PLEA AGREEMENT
### (*UNITED STATES v. KATHERINE P. KEALOHA, CR No. 19-00015 JMS-WRP*)

## COOPERATION

A.     Defendant has expressed a desire to provide substantial assistance after entering a guilty plea in this case, to the United States in the investigation and prosecution of others.

B.     Defendant agrees to be interviewed by federal law enforcement agents and attorneys and to tell everything defendant knows about every person involved presently or in the past in obstruction of justice, fraud, narcotics distribution, as well as other violations of law.  Defendant also agrees to produce all documents and other evidence in defendant's possession or control related to these violations.

C.     Defendant agrees not to do any undercover work or tape record any conversations or gather evidence unless instructed by the agent assigned to defendant. Defendant can be prosecuted for any criminal activity undertaken without instructions.

D.     Defendant agrees to provide statements under penalty of perjury and to testify before any federal or state grand jury, and at any pretrial, trial or post-trial proceedings.  Defendant will provide complete, truthful and accurate information and testimony.  Defendant agrees to submit to a polygraph examination to test the truthfulness of defendant's statements, upon request by the United States.

E.      The United States agrees that, if defendant fully complies with this plea agreement, it will not use any statements made by defendant during the period of post-plea cooperation in any further prosecution of defendant for any offense, or in defendant's sentencing as provided in Guideline § 1B1.8.  If defendant does not fully comply with this plea agreement, all statements made by defendant before, during and after this plea agreement, and any leads or evidence derived from such statements can be used against defendant and are admissible in court.

F.      If at any time the court asks the United States a direct question about information defendant disclosed under this agreement or any proffer agreements, the prosecution must truthfully answer the question.   The answer shall not constitute a breach of this plea or cooperation agreement.

G.      Statements made by defendant pursuant to this plea agreement are not statements "made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure" and are not statements "made in the course of plea discussions."

H.      If the United States Department of Justice decides that defendant has provided substantial assistance, and has fully complied with this plea agreement, it will make a motion for a downward departure under 18 U.S.C. § 3553, or § 5K1.1 of the Sentencing Guidelines.  Defendant acknowledges that even if the United States makes a motion, the Court may reject the United States' motion and

recommendation for departure and refuse to depart downward, and defendant would not be allowed to withdraw her guilty plea.

      I.     If the United States Department of Justice decides to make a substantial assistance motion, it will inform the sentencing judge of: (1) this plea agreement; (2) the nature and extent of defendant's activities in this case; (3) the full nature and extent of defendant's cooperation with the United States and the date when such cooperation commenced; and (4) all information in the possession of the United States relevant to sentencing, which may include information defendant disclosed under this agreement or any proffer agreements.   Disclosure of such information in the substantial assistance motion shall not constitute a breach of this plea or cooperation agreement.

      J.     If defendant provides materially false, incomplete, or misleading testimony or information, or breaches this plea agreement in any other way, the United States may prosecute defendant in connection with all federal criminal violations of which it is aware, including false statements, perjury and obstruction of justice, and defendant's sentencing guidelines may be adjusted for making false statements (e.g., § 3C1.1 and § 3E1.1). In addition, the United States may move to set aside this plea agreement, and prosecute defendant on all charges in the Indictment or Superseding Indictment in this case. However, if the United States elects not to set aside the plea agreement, defendant agrees that the United States

may recommend any lawful sentence without restriction by this plea agreement. Any prosecution and sentence resulting from a breach of this plea agreement may be based on information provided by defendant.

The defendant understands that the main plea agreement and this addendum embody the entire plea agreement between the parties and supersedes any other plea agreement, written or oral.

_____
KATHERINE P. KEALOHA
Defendant

_____
GARY SINGH, Esquire
Attorney for Defendant K. KEALOHA

WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney

_____
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI S. GANDHI
COLIN M. MCDONALD
Special Attorneys to the Attorney General